## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| JOHN IRWIN, | Bankruptcy No. 10-14407 (ELF) |
| | Joint Administration Requested |
| Debtor. | |
| In re: | Chapter 11 |
| JACKLIN ASSOCIATES, INC., | Bankruptcy No. 10-14408 (ELF) |
| Debtor. | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), seek the entry of orders, substantially in the forms annexed hereto, directing joint administration of their related Chapter 11 cases. In support of the motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Sections 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court of the Eastern District of Pennsylvania (the "Local Rules").

## Background

4. On May 27, 2010 (the "Petition Date"), the Debtors filed respective voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No official committee of general unsecured creditors has been appointed in these cases by the Office of the United States Trustee.

6. John Irwin is a 55% shareholder of Jacklin Associates, Inc. ("Jacklin"). Mr. Irwin's three daughters own the remaining equity interests in Jacklin. Jacklin is a firm engaged in the business of providing business consulting services. Both Mr. Irwin and Jacklin are parties to several lawsuits arising out of an alleged Ponzi scheme run by Joseph Forte ("Forte"). Mr. Irwin, his daughters and his wife had all, without any knowledge of any wrongdoing by Forte, invested substantial sums with Forte. Additionally, Mr. Irwin, through Jacklin, had provided certain business services related to Joseph Forte, L.P. (the "Limited Partnership"), a limited partnership run by Forte.

### A. The Forte Ponzi Scheme Litigation.

7. In January, 2009, the Securities and Exchange Commission and the Commodity Futures Trading Commission filed related actions against Forte and the Limited Partnership on the grounds that they violated numerous securities laws through Forte's operation of a Ponzi scheme between 1995 and 2008. On March 17, 2009, Marion Hecht (the "Receiver") was appointed as receiver of the Limited Partnership. On November 24, 2009, Forte pleaded guilty to wire fraud, mail fraud, bank fraud and money laundering charges and was sentenced to a fifteen year prison term. Shortly thereafter, the Receiver commenced an action in the United

PHIL1 962926-1

States District Court for the Eastern District of Pennsylvania (the "Receivership Action") against both Mr. Irwin and Jacklin seeking damages in excess of $34 million.

### B. The Class Action.

8. In addition to the Receivership Action, both Mr. Irwin and Jacklin were named as defendants in a class action brought in the United States District Court for the Eastern District of Pennsylvania. The class in that case has yet to be certified, and the case has been stayed. Although no specific amount is demanded in that action, the Debtors estimate that the class will seek to recover substantial damages.

### C. The Filings.

9. The Debtors filed their respective Chapter 11 cases in order to stay the Receivership Action and to formulate a joint Chapter 11 plan which will resolve the pending district court actions.

### Relief Requested

10. By this motion, the Debtors seek the entry of an order directing the joint administration of these Chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Clerk of the Court maintain one file and one docket for both of the jointly-administered cased under the case of John Irwin and Jacklin Associates, Inc. and that the Court administer these cases under a consolidated caption as follows:

PHIL1 962926-1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 11 |
| JOHN IRWIN, | Bankruptcy No. 10-14407 (ELF) |
| | Jointly Administered |
| Debtor. | |
| In re: | Chapter 11 |
| JACKLIN ASSOCIATES, INC., | Bankruptcy No. 10-14408 (ELF) |
| Debtor. | |

11. The Debtors also request that the Clerk make an entry on the docket of Jacklin Associates, Inc. substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Chapter 11 cases of John Irwin. All further pleadings and other papers shall be filed in, and all further docket entries hall be made in, Bankruptcy No. 10-14407 (ELF).

### Basis for Relief

12. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13. Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court

PHIL1 962926-1

"may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."

14. Joint administration is generally non-controversial, and courts in this circuit routinely order joint administration of related cases. See, e.g., In re Flying J Inc., No. 08-13384 (MFW) (Bankr. D. Del. Dec. 23, 2008); In re Portola Packaging, Inc., No. 08-12001 (CSS) (Bankr. D. Del. Aug. 29, 2008); In re Hines Horticulture, Inc., No. 08-11922 (KJC) (Bankr. D. Del. Aug. 21, 2008); In re SemCrude, L.P., No. 08-11525 (BLS) (Bankr. D. Del. July 23, 2008); In re ACG Holdings, Inc., No. 08-11467 (CSS) (Bankr. D. Del. July 16, 2008); In re Pierre Foods, Inc., No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); In re Tropicana Entm't, LLC, No. 08-10856 (KJC) (Bankr. D. Del. May 6, 2008); In re Leiner Health Prods., Inc., No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008).

15. The joint administration of the cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in the cases will affect both Debtors. The entry of an order directing joint administration will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee (the "U.S. Trustee") and all parties in interest to monitor the cases with greater ease and efficiency.

16. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because the motion requests only administrative, not substantive, consolidation of the estates. Thus, parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of the Chapter 11 cases. Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

### Notice

17. The Debtors have provided notice of this motion to: (a) the U.S. Trustee; (b) Debtors' twenty largest unsecured creditors; and (c) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

18. No prior motion for relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: June 2, 2010

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By:_____
Jeffrey Kurtzman, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-4493

Proposed Attorneys for John Irwin

_____
Maureen P. Steady, Esquire
12000 Lincoln Drive West, Suite 208
Marlton, NJ 08053
Telephone: (856) 396-0540

Attorney for Jacklin Associates, Inc.

Accordingly, the Debtors submit that the joint administration of the chapter 11 cases is in the best interests of the Debtors' estates, their creditors and all other parties in interest.

### Notice

17. The Debtors have provided notice of this motion to: (a) the U.S. Trustee; (b) Debtors' twenty largest unsecured creditors; and (c) the Internal Revenue Service. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

18. No prior motion for relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: June 2, 2010

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: _____
Jeffrey Kurtzman, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA  19103
Telephone: (215) 569-4493

Proposed Attorneys for John Irwin

_____
Maureen P. Steady, Esquire
12000 Lincoln Drive West, Suite 208
Marlton, NJ  08053
Telephone: (856) 396-0540

Attorney for Jacklin Associates, Inc.

6

PHIL1 962926-1